IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 23-cr-00486-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JASON BERNARD SIBLEY,

    Defendant.

---

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION
FOR TEMPORARY RELEASE (ECF No. 52)**

---

    Defendant Jason Bernard Sibley has filed an Emergency Motion for Temporary Release to Attend Funeral Pursuant to 18 U.S.C. § 3142(i), in which the defendant seeks temporary release from custody to attend his grandmother's funeral in Orange, Texas, on June 15, 2024. ECF No. 52 ("the Motion," filed June 10, 2024). The defendant proposes to stay with his mother in Beaumont, Texas, on Friday June 14, 2024, and Saturday, June 15, 2024; he would return to custody at FCI Englewood on Sunday, June 16, 2024. The Motion states that the United States Attorney's Office opposes the requested relief. The Motion is referred to this court.

    After careful consideration of the Motion, the position of the government, and the entire docket, the court finds that the defendant has failed to carry his burden to show that he should be granted temporary release and **DENIES** the Motion.

1

I.   ANALYSIS

The provision of the Bail Reform Act governing the defendant's request for temporary release states:

> The judicial officer *may* . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i) (emphasis added). "In moving for temporary release, the burden rests with Defendant to demonstrate that such release is warranted." *United States v. Wood*, No. 21-385-23, 2022 WL 1689511, at *1 (W.D. Pa. May 26, 2022) (citing *United States. v. Wilburn*, 2:18-cr-115, 2020 WL 1899146, at *2 (W.D. Pa. Apr. 17, 2020)).[1] *See also United States v. Burket*, No. 23-cr-00420-DDD, 2024 WL 152513, at *1 (D. Colo. Jan. 15, 2024).

As set forth in the statute, the defendant must demonstrate the presence of two factors: (1) that his temporary release is necessary for the preparation of his defense or another compelling reason, and (2) that he can be released to the custody of the United States marshal or another appropriate person. *See* § 3142(i); *see also, e.g.*, *United States v. Williams*, 2:20-cr-81, 2020 WL 4431565, at *2 (W.D. Pa. July 31, 2020) (defendant seeking temporary release bears the burden to show both factors); *United States v. Terrone*, 454 F. Supp. 3d 1009, 1018 (D. Nev. 2020) (same). The defendant must "present an individualized argument why temporary release is

---

[1] This court has located no cases in this District, other than this court's order in *Burket*, that have specifically analyzed the application of § 3142(i) in the context now presented, and the defendant has cited to none. However, as discussed in this order, many cases from other jurisdictions have addressed the issue in similar circumstances.

appropriate; generalized or speculative arguments are insufficient." *Williams*, 2020 WL 4431565, at *2 (citing *United States v. Lee*, No. 19-cr-298, 2020 WL 1541049, at *6 (D.D.C. Mar. 30, 2020)). And "the relief authorized by Section 3142(i) is to be used '*sparingly*.'" *United States v. Toledo Pardo*, No. 2:22-CR-00151-LK, 2023 WL 4641055, at *1 (W.D. Wash. July 20, 2023) (denying prisoner's motion for a five-hour temporary release "based on his desire to attend his cousin's funeral to honor him and grieve with his family") (quotation omitted) (emphasis added).

  A. **"Another Compelling Reason"**

As to the first factor, the defendant does not argue that temporary release is necessary to prepare his defense, and so this court must determine whether he has established that temporary release is necessary for "another compelling reason." The court finds that he has not.

The defendant asserts that "the death of [his] grandmother, and his family gathering for a funeral service, is such a [compelling] reason." Motion at 2. While the court is sympathetic to the defendant's situation, under the law, his personal interest is not the court's primary consideration. "[A]n examination of the defendant's dangerousness and risk of flight is appropriate when deciding a temporary release motion." *Williams*, 2020 WL 4431565, at *2 ("When the court interprets 'compelling reason', it should do so against the backdrop of the Bail Reform Act as a whole.") (citing *Wilburn*, 2020 WL 1899146, at *11 ("[I]f there is anything that permeates the Bail Reform Act, it is Congress' intent that courts consider the defendant's dangerousness and risk of flight when making detention determinations. . . . It would strike the Court as odd, then, that § 3142(i)'s 'compelling reason' prong would ignore a defendant's danger

or flight risk.")). *See also, e.g.*, *United States v. Keo*, No. 22-40061-HLT, 2023 WL 7161159, at *10 (D. Kan. Oct. 31, 2023) ("In the context of analyzing release for 'another compelling reason' under § 3142(i), courts still consider the underlying reasons for the original detention order."); *Toledo Pardo*, 2023 WL 4641055, at *1 ("As with any motion to revisit detention, the original grounds for detention remain a factor in the court's analysis.") (cleaned up).

      Here, the defendant has not persuasively addressed the factors of dangerousness and risk of flight. A careful examination of these factors strongly counsels against his temporary release. The defendant is charged in the instant federal case with taking from the person or presence of J.R., by force and violence, money and other things of value belonging to and in the care, custody, control, management and possession of Chase Bank in Parker, Colorado, wherein such monies and things were insured by the Federal Deposit Insurance Corporation; the defendant is further charged with aiding, abetting, counseling, commanding, inducing and procuring the same, all in violation of 18 U.S.C. §§ 2113(a) and 2. ECF No. 1 (Indictment). In other words, the defendant is charged with bank robbery by force or violence, along with his two co-defendants. If convicted on the charge, the defendant faces penalties that include imprisonment of not more than 20 years, a fine up to $250,000 (or both), supervised release of three years, forfeiture, restitution and a special assessment. ECF No. 1-1 (criminal information sheet). The defendant is unquestionably presumed innocent of the charge, but that presumption does not negate the court's obligation to examine the record that has brought the defendant to this point.

      The defendant's bail report reflects that his criminal history begins with charges at the age of fourteen. At the age of 15, he was sentenced to probation on charges of assault causing

bodily injury (including of a family member). It appears the defendant's first felony conviction was at the age of 18 in Texas state court for unauthorized use of a vehicle. He was subsequently charged with numerous other state felonies and misdemeanors in Texas for organized criminal activity, theft of a firearm, burglary of vehicles, credit or debit card abuse, theft of property, and unlawful possession of a firearm by felon; some of those charges resulted in short confinement, while others were dismissed, carried a sentence of probation, or were "taken into consideration." Most recently, at the age of 21, the defendant was convicted of a federal felony (possession of a firearm by a prohibited person) in the Eastern District of Texas, for which he was sentenced to 33 months' imprisonment and three years of supervised release. He escaped/walked away while on home confinement for that sentence on May 9, 2023, and was apprehended on July 19, 2023, by the Beaumont police. Upon his release on November 24, 2023, the warrant in this case was immediately executed. ECF No. 24 at 5-6.

The court's analysis here is further informed by the fact that the majority of his prior charges and convictions, including the felony convictions, stem from conduct charged in Beaumont, Texas—the very location where the defendant seeks to be temporarily released and where he may retain connections. In evaluating the defendant's request for temporary release, the court also considers the defendant's history of non-compliance with conditions imposed by other courts. The defendant allegedly engaged in the offense conduct charged in this case on July 18, 2023, the day before he was apprehended after escaping/walking away from his home confinement on his sentence from the Eastern District of Texas. His criminal history reflects his state probation was revoked on September 9, 2019, for alleged failures to pay and perform

community service restitution, and an alleged commission of a new offense while on probation. ECF No. 24 at 6.

On December 26, 2023, the defendant waived his right to contest detention in this case. ECF No. 17. The court found by a preponderance of the evidence, based on the Pretrial Services Report and applying the factors listed in the Bail Reform Act (18 U.S.C. § 3142(g)), that "no condition or combination of conditions of release will reasonably assure Defendant's appearance as required." The court further found "by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." ECF No. 21 at 1-2.

Considering the totality of this information, the court now finds that the proposal to allow the defendant to travel over one thousand miles from his current place of confinement in FCI Englewood to a site in close proximity to many of his crimes of conviction—unescorted by law enforcement personnel or another person who has been vetted and approved by Pretrial Services—risks the defendant's flight and the safety of other persons in the community. The court therefore finds that the defendant has **not** demonstrated that attending his grandmother's burial service is a compelling reason warranting temporary release under § 3142(i). *See, e.g.*, *Wood*, 2022 WL 1689511, at *1 (finding that attending an aunt's funeral was not a compelling reason under § 3142(i) where the defendant was charged with a drug trafficking offense carrying a term of not less than ten years and up to life imprisonment; had a history of prior drug-related and firearms offenses; had committed multiple new offenses while on bail or probation; and had a history of failures to appear for court); *United States v. Esquibel*, No. 1:15-cr-02731-JCH, 2023

6

WL 6481140, at *1-2 (D.N.M. Oct. 5, 2023) (in denying defendant's request for a ten-hour release from custody to attend his father's funeral, recognizing that "many detained defendants lose loved ones while in custody," and holding that "[t]emporary release to attend funerals would drastically increase the use of § 3142(i) and is not a 'compelling' reason that justifies temporary release under that statute").[2]

### B.  "Another Appropriate Person"

The court further finds the defendant has failed to establish that he has satisfied the second factor of § 3142(i): that he will be released to the custody of "another appropriate person." The defendant proposes to reside with his mother during the furlough in Beaumont, Texas, and his mother confirms that she would permit him to do so. But the Motion does not provide any information about the defendant's mother or her residence. As of the date of the Bail

---

[2] *Accord, e.g.*, *United States v. Merayo*, No. 1:21-CR-00740-MV, 2021 WL 6134683, at *1 (D.N.M. Dec. 29, 2021) (finding that attending a grandmother's funeral was not a compelling reason for temporary release under § 3142(i): "Courts typically have granted relief under § 3142(i) only 'sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries.'" (quoting *United States v. Hamilton*, 612 F. Supp. 3d 112, 115 (E.D.N.Y. 2020)); *United States v. Jackson*, No. 15-40065-01-DDC, 2020 WL 7626539, at *1 (D. Kan. Dec. 22, 2020) ("The court fully understands Mr. Jackson's desire to grieve his grandfather alongside other family members. And in ordinary circumstances, attending a beloved family member's funeral would qualify as a compelling event. But the court must deny the motion because Mr. Jackson's own conduct renders him untrustworthy for temporary release."); *United States v. Navarro*, No. 2:19-cr-00056-JCM-DJA, 2020 WL 5877816, at *1-2 (D. Nev. Oct. 2, 2020) (rejecting defendant's argument that the death of his father and "attendance at the subsequent funeral is such a unique and compelling circumstance that § 3142(i) warrants release," in light of the defendant's record of multiple felony convictions, arrests for violations of the terms of release, and his current charges of committing, while on probation, crimes that included distributing and possessing with intent to distribute controlled substances).

Report (January 2024), her residence was not approved because the Probation Office could not make contact with her. ECF No. 24 at 2. Given the timeframe in which the defendant compels this court to act,[3] there is not time for the defendant's mother or her residence to be vetted. Thus, the defendant has not shown that his mother is an appropriate person to whom to release him.

Even with a proper vetting of his mother, of course, the defendant still proposes to travel unescorted from Denver, Colorado to Beaumont, Texas. Again, Beaumont is a community the defendant knows well, where he has committed crimes in the past, and in which he may maintain dangerous connections. *See Wood*, 2022 WL 1689511, at *2 ("the mere fact that Defendant's sister is willing to transport him to and from the funeral service and serve as his custodian does not mean that she could adequately supervise an individual who is charged with an extremely serious drug trafficking offense and who has a criminal history as outlined above"). The court cannot conclude, on the existing record, that the defendant has shown that his mother is an "appropriate person" to whom he may be safely released, even on a temporary basis.

For these reasons, the court finds that the defendant has not met his burden to show that he would be released to the custody of "another appropriate person."

### C.     Logistical Impediments

Finally, the court notes that the Motion is silent as to whether the defendant's counsel communicated with Probation/Pretrial Services to learn of their views of this request. The

---

[3] The court observes that the date of Ms. Hinson's funeral appears to have been announced by June 3, 2024, the date of the earliest comments on the webpage. *See* Obituary | Veronica Pearl Hinson of Beaumont, Texas | Calvary Mortuary (calvarymortuarybeaumont.com).

defendant's proposed conditions of release do not include any location monitoring, curfew, or home confinement conditions, among other problems. He also does not identify how he would travel from FCI Englewood to the Denver International Airport, when his return flight from Beaumont would land, or how he would travel back from the Denver airport to FCI Englewood. He also does not state how he would pay for these flights. Put simply, the Motion does not address any of the logistics involved in a furlough.

## II.  CONCLUSION

For the foregoing reasons, the court concludes that the defendant has not met any of the criteria for a temporary release under § 3142(i). There is significant evidence indicating that, if temporarily released as he proposes, the defendant would pose a flight risk and a danger to the community. Accordingly, the court **DENIES** the defendant's Emergency Motion for Temporary Release to Attend Funeral Pursuant to 18 U.S.C. § 3142(i) (ECF No. 52).

DATED: June 10, 2024                                BY THE COURT:

                                                                          Susan Prose
                                                                          United States Magistrate Judge